## FRETWELL v. FRETWELL.

The petition was plainly without merit, and there was accordingly no error in dismissing it on demurrer.

         Argued November 14,—Decided December 11, 1901.

Equitable petition. Before Judge Reagan. Butts superior court. February 28, 1901.

*Ray & Ray*, for plaintiff.
*M. W. Beck* and *Y. A. Wright*, for defendant.

LUMPKIN, P. J. The bill of exceptions in the present case alleges error in dismissing an equitable petition which was, in substance, as follows: On the 28th of December, 1889, G. R. Fretwell and W. A. J. Fretwell, the former as principal and the latter as surety, made and delivered a promissory note to M. V. McKibben. The principal died on the 30th of March, 1891, leaving as his widow Mrs. S. T. Fretwell; and Joseph Jolly became administrator of his estate. On the 12th of October, 1894, McKibben obtained a judgment on this note. An execution issued upon said judgment was levied on certain realty in the town of Jackson, Ga., to which Mrs. Fretwell filed a claim. Thereupon the plaintiff in execution dismissed the levy. The property levied on belongs to

the estate of G. R. Fretwell and is subject to the execution. The money for which the note was given to McKibben paid for the property in question, or was invested therein. Mrs. Fretwell is insolvent. The prayers of the petition were that she be enjoined from selling the property above referred to, and that the same be found subject to the execution already mentioned, and sold to satisfy the same. A demurrer was filed to the petition, one ground of which was that there was no equity in the petition, and another presented the point that the petition showed on its face that the plaintiff, W. A. J. Fretwell, had never paid off the judgment or any part thereof, and for this reason was not entitled to any of the rights of a surety.

The petition was palpably without merit. There was no allegation that the estate of G. R. Fretwell was insolvent, and consequently it did not appear that it was essential to the protection of W. A. J. Fretwell that the particular property described in the petition should be sold under the execution. In the next place, the petition distinctly alleged that this property belonged to the estate of G. R. Fretwell. This being so, there was no occasion to enjoin Mrs. Fretwell from selling or attempting to sell it. Again, the petition alleges no reason whatever why W. A. J. Fretwell could not himself pay off the execution and then control it for the purpose of reimbursing himself as surety. For these and other reasons we have no difficulty in upholding the judgment dismissing the petition. Certainly no equity in favor of the plaintiff arose out of the fact that the money borrowed from McKibben was used in paying for the property under consideration. If, as alleged, it still belongs to the estate of G. R. Fretwell, it can easily be reached by levy, irrespective of any attempt on the part of Mrs. Fretwell to dispose of it as her own.

*Judgment affirmed. All the Justices concurring.*